

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00008-CR

_____

RYAN ANDREW BUDZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2430355

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Ryan Andrew Budz pled guilty to aggravated sexual assault of a child under fourteen years old, and the trial court sentenced him to ten years' deferred adjudication community supervision. *See* TEX. PENAL CODE ANN. 22.021(a)(2)(B) (Supp.). After pleading true to the allegations on the motion to adjudicate and a punishment hearing, the trial court adjudicated Budz guilty and sentenced him to fourteen years' imprisonment. Budz appeals.

Budz's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal is without merit and that no reversible error appears in the record. We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment.

Budz's trial counsel has filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

In the motion to withdraw, counsel stated that she sent a letter to Budz explaining the importance of the *Anders* brief and how Budz may pursue issues moving forward, a copy of the brief, and her motion to withdraw. Also, in her motion to withdraw, counsel stated that she provided Budz with a pro se form for access to the appellate record lacking only his signature.

In addition, counsel filed a copy of her letter to Budz as part of our record. Those actions comply with an appointed counsel's responsibilities when filing an *Anders* brief and a motion to withdraw in accordance with *Kelly*. *See Kelly*, 436 S.W.3d at 318–20.

By letter dated May 13, 2026, this Court informed Budz that his pro se response was due on or before June 3, 2026. We received neither a pro se response from Budz nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[1]


Jeff Rambin
Justice

Date Submitted:    June 3, 2026
Date Decided:      June 29, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.